UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert M. Emmerich, | Case No. 16-CV-0795 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Shelby Richardson, CEO of Minnesota Sex Offender Program; Emily Johnson Piper, Commissioner of DHS; and Lori Swanson, The Attorney General of the State of Minnesota, | |
| Respondents. | |

Petitioner Robert M. Emmerich, a client of the Minnesota Sex Offender Program ("MSOP"), commenced this habeas corpus action in 2016. A stay was entered in this matter very shortly after it was filed, and this matter remained stayed until last month. The day after the stay was lifted, this Court conducted a review of Emmerich's petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

After conducting that review, this Court concluded that Emmerich's habeas petition had almost certainly become moot during the pendency of the stay. *See* Dkt. No. 22. Although Emmerich remains a client of MSOP, his habeas petition concerned the legality of the length of the term of conditional release imposed for an earlier criminal conviction, not the legality of his ongoing civil detention. Even assuming that Emmerich was entirely correct that his term of conditional release had been unlawful, that term of

1

conditional release expired shortly after he filed his petition. Put another way, there appeared to be no form of effective relief that the Court could grant regarding the term of conditional release, which was already over. "And if there is no remaining injury-in-fact that this Court can remedy, then Emmerich's petition has become moot, and the Court lacks jurisdiction over that petition." *Id*. at 3 (citing *Spencer v. Kemna*, 523 U.S. 1, 14-16 (1998).

Accordingly, on October 4, 2022, Emmerich was ordered to show cause why his petition should not be dismissed as moot. Emmerich was warned that if he did not respond within 30 days of the date of the order, it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *See id*. at 4. That deadline has now passed, and Emmerich has not responded to the order to show cause.

This Court therefore now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). Alternatively, this matter may be dismissed without prejudice for the reasons offered in this Court's prior order to show cause—specifically, Emmerich's petition has become moot, and this Court is now without jurisdiction to proceed to the merits of that petition. Emmerich has not rebutted or even responded to this Court's explanation regarding why his petition appears to now be moot, and therefore this Court

has no reason to believe that Emmerich's petition is *not* moot. And mootness, of course, is a sufficient independent basis upon which to recommend dismissal of the petition.

Two other matters merit brief further comment. First, in light of the recommendation of dismissal of this matter on initial review, it is further recommended that Emmerich's pending application to proceed *in forma pauperis* [Dkt. No. 2] be denied. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, because neither alternative ground on which dismissal is recommended appears to be reasonably debatable, it is further recommended that Emmerich not be issued as certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE for failure to prosecute or, alternatively, due to mootness.

2. The application to proceed *in forma pauperis* of petitioner Robert M. Emmerich [Dkt. No. 2] be DENIED.

3. No certificate of appealability be issued.

Dated: November 16, 2022        *s/Elizabeth Cowan Wright*
                                ELIZABETH COWAN WRIGHT
                                United States Magistrate Judge

3

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).